In the UNITED STATES DISTRICT COURT for the NORTHERN DISTRICT OF FLORIDA
(TALLAHASSEE DIVISION)


JAMES MICHAEL HAND, et al.,

      *Plaintiffs,*

v.                                        Case No. 4:17cv128-MW/CAS

RICK SCOTT, in his official
capacity as Governor of
Florida and member of the
State of Florida's Executive
Clemency Board, et al.,

      *Defendants.*
_____/

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF FOR PURPOSES OF ASSISTING THE COURT AS IT CONSIDERS AN APPROPRIATE REMEDY IN THESE PROCEEDINGS

Comes now Mark R. Schlakman, a lawyer eligible to practice law in Florida who serves as senior program director at The Florida State University Center for the Advancement of Human Rights, who moves this Court for leave to file an *amicus curiae* brief in his capacity as a private citizen, observing the parties are adequately represented underscoring this proposed *amicus curiae* brief would focus on aspects of Florida's largely confidential clemency/civil rights/voting eligibility process and pertinent background and context relating thereto that might be elusive to the Court but for, not the parties at bar per se.


1.    MOVANT recognizes that this Court has established in this case, "Unlike the Supreme Court Rules and the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure do not specifically provide for the filing of amicus curiae briefs at the district court level."[1] *In re Bayshore Ford Truck Sales, Inc.*, 4712 F.3d 1233, 1249 n.34 (11th Cir. 2006). "Nevertheless, district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Id.* "It is within the discretion of the court to determine whether an *amicus* may appear and the extent and manner of participation by the *amicus*." *A.R. v. Dudek*, No. 13-61576-CIV-ROSENBAUM/HUNT, 2014 WL 12519764, at *4 (S.D. Fla. Apr. 7, 2014).

2.   MOVANT served as assistant general counsel and clemency aide to Governor Lawton Chiles, and subsequently as principal investigator for a bifurcated project entitled, Rethinking Civil Rights Restoration in Florida, funded in part by Administration of Justice Grants awarded by the Florida Bar Foundation, and is a member of The Florida Bar's Public Interest Law and Criminal Law Sections.

3.   MOVANT was afforded opportunity through the chair of The Florida Bar's Public Interest Law Section (PILS) in cooperation with the chair of The Florida Bar's Criminal Law Section (CLS) and in consultation with the general counsel of The Florida Bar to develop an informal comparative analysis of the three felony disenfranchisement-related proposals considered by the Florida Constitution Revision Commission (CRC) that varied in terms of application and scope of remedy, one of them served, in effect, as a placeholder for the citizen's initiative; all three ultimately withdrawn by their sponsors from further consideration by the commission within the ambit of certification of the citizen's initiative for the November 2018 ballot.

4.   MOVANT was afforded opportunity to incorporate within that informal comparative analysis an overview of other pertinent background and context including reference to this Court's opinion declaring Florida's clemency/civil rights/voting eligibility restoration process in violation of the First and Fourteenth Amendments of the U.S. Constitution -- while facilitated through the chairs of PILS and CLS in consultation with the general counsel of The Florida Bar this informal analysis and overview of other pertinent background and context does not constitute an official position of The Florida Bar, or these sections thereof.

5.   Moreover, MOVANT was afforded opportunity to engage informally on the margins of the most recent appearance of an official United States delegation's before the United Nations Human Rights Committee in Geneva in March 2014, the treaty body charged with monitoring adherence to principles that underlie the International Covenant on Civil and Political Rights (ICCPR), which the United States and the vast majority of the nations recognized by the United Nations have ratified, wherein aspects of felony disenfranchisement in the United States generally and Florida's process specifically were at issue.

6.   Any such otherwise elusive background and context relating to Florida's largely confidential clemency/civil rights/voting eligibility restoration process for individuals who have completed adjudicated felony sentences may prove to be helpful to the Court as it considers an appropriate remedy in these proceedings – the proposed brief would not necessarily be prescriptive toward that end.

WHEREFORE, Amicus moves for leave to file this brief in the above-styled cause.

Respectfully submitted,

Mark R. Schlakman
Florida Bar No. 0843067
senior program director
The Florida State University
Center for the Advancement of Human Rights (FSU/CAHR)
426 W. Jefferson St.
Tallahassee, FL 32301-1602
Email: mschlakman@fsu.edu
tel.# (850) 644-4614/direct

---

1 Similarly, that this Court's local rules do not specifically provide for the filing of amicus briefs. *See* N.D. Fla. Loc. R. However, the rules do acknowledge (in passing reference) that amici may have some involvement. *See* N.D. Fla. Loc. R. 5.8(B)(2)(c) (providing that "[a]micus curiae or other parties permitted to intervene or otherwise participate" must satisfy certain requirements when filing records and transcripts).

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, a true and correct copy of the foregoing document was served upon counsel for the respective parties, including specifically those listed below, by regular U.S. mail and email as available.

Amit Agarwal
Solicitor General
Fla. Bar No. 125637
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Amit.agarwal@myfloridalegal.com
Jennifer.bruce@myfloridalegal.com

Edward M. Wenger
Chief Deputy Solicitor General
Fla. Bar No. 85568
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Edward.wenger@myfloridalegal.com

Jonathan Alan Glogau
Chief, Complex Litigation
Fla. Bar No. 371823
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Jon.glogau@myfloridalegal.com
Chandra.johnson@myfloridalegal.com

Jordan E. Pratt
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Jordan.pratt@myfloridalegal.com

Lance Eric Neff
Senior Assistant Attorney General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
Lance.neff@myfloridalegal.com

Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
Fair Elections Network
1825 K St., NW, Suite 450
Washington, D.C. 20006
jsherman@fairelectionsnetwork.com
mkantercohen@fairelectionsnetwork.com

Theodore Leopold
Fla. Bar No. 705608
Diana L. Martin
Fla. Bar No. 624489
Poorad Razavi
Fla. Bar No. 022876
Cohen Milstein Sellers & Toll PLLC
2925 PGA Blvd. – Suite 200
Palm Beach Gardens, FL 33410

Mark R. Schlakman
Fla. Bar No. 084367