# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

JAMES MICHAEL HAND, et al.,

      *Plaintiffs*,

v.                                     **Case No. 4:17cv128-MW/CAS**

RICK SCOTT, in his official
capacity as Governor of
Florida and member of the
State of Florida's Executive
Clemency Board, et al.,

      *Defendants*.

_____/

## ORDER DENYING DEFENDANTS' MOTION
## FOR STAY PENDING APPEAL

Rather than comply with the requirements of the United States Constitution, Defendants continue to insist they can do whatever they want with hundreds of thousands of Floridians' voting rights and absolutely zero standards. They ask this Court to stay its prior orders. ECF No. 163.

No.

This Court did not and does not draft a single rule of executive clemency. This Court did not and does not re-enfranchise a single former felon. This Court simply applied precedent and ordered Defendants to promulgate rules that comply with the First and Fourteenth Amendments of the United States

1

Constitution. *See generally* ECF No. 160. Bitter pills are clearly too hard to swallow.

"A court's decision to stay its final judgment pending appeal is an extraordinary remedy that constitutes an 'intrusion into the ordinary process of . . . judicial review.'" *Friends of Capital Crescent Trail v. Fed. Transit Admin.*, 263 F. Supp. 144, 147 (D.D.C. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)). Granting or denying a stay "is an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926). The party seeking a stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 434.

Defendants fall woefully short of that burden. Their arguments do not remotely indicate a likelihood of success on the merits, irreparable harm to them or Plaintiffs, or that the public interest would be furthered by a stay. *Id.* Instead, Defendants embark on a fit of histrionics atypical for unsuccessful parties before this Court.

Defendants' arguments, to put it mildly, are unpersuasive. For one, Defendants spend considerable energy on only one of this Court's substantive holdings; namely, that Florida's scheme of unfettered discretion violates the Equal Protection Clause of the Fourteenth Amendment. Defendants basically dodge the First Amendment issue with three cursory paragraphs that

2

regurgitate the unpersuasive arguments advanced in their Motion for Summary Judgment. *Compare* ECF No. 103, at 28–31 *with* ECF No. 163, at 14–15. The First Amendment, it should be noted, comprised the bulk of this Court's Order on Cross-Motions for Summary Judgment. *See* ECF No. 144, at 5–32 (detailing how Florida's executive clemency scheme violated Plaintiffs' First Amendment rights to free association and free expression). Defendants' curt summary of a key portion of this Court's prior orders fails to show a substantial likelihood of success on the merits.

Additionally, Defendants claim they have suffered irreparable harm because applicants for vote-restoration are put on hold. ECF No. 163, at 21–22. Their irreparable-harm arguments based on these applicants are, at best, disingenuous. This Court specifically addressed these applicants in its recent order. ECF No. 160, at 22 ("The Board shall reconsider any applicants who were denied a meaningful hearing during the pendency of this Order's writing . . . under its new rules.").

Defendants make much ado about the Confidential Case Analyses ("CCAs") that Board members may or may not consider during their consideration of applicants. *See, e.g.*, ECF No. 163, at 10–11. Defendants might have been on to something if the CCAs meant anything. But they do not. Whether any CCAs were before this Court or not hardly impacts the

"unfettered discretion" the Rules of Executive Clemency affirmatively give the Board and that this Court found unconstitutional. Fla. R. Exec. Clemency 4.

Defendants stamp their feet and wail that 30 days is "not [a] reasonably calculated" time to create a constitutional system of executive clemency. ECF No. 163, at 21. This Court again declines to act as a fifth Board member. But drafting new rules need not be complicated or time-consuming. Defendants could simply identify those rules that run afoul of the Constitution and rewrite them with specific and neutral standards. Instead, Defendants scream into the wind various questions it might consider in crafting constitutional rules. *Id.* at 19–20. Answering those questions may be a better use of time.

The stay motion is littered with other astounding arguments that fail to outline substantial likelihood on the merits or irreparable harm to any party. For example, this Court is left scratching its head when considering how its order directing Defendants to comply with the Federal Constitution impinges on state sovereignty. *Id.* at 22. This extraordinary argument is rooted in neither common sense nor reality. As this Court has made clear again and again, Defendants shall be the body to promulgate constitutional rules, *not* this Court.

Finally, Defendants make the bold argument that their continued infringement of Plaintiffs' First and Fourteenth Amendment rights furthers the public interest. *Contra Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d

1257, 1276 (11th Cir. 2001) ("The public interest is always served in promoting First Amendment values."). In no world would correcting an unconstitutional executive clemency scheme—which may still require a former felon to affirmatively seek and receive restoration—"sow public confusion." ECF No. 163, at 25.

*   *   *

This Court does not play games. This Court is not going to sit on Defendants' motion and run out the clock. If the Eleventh Circuit finds that a clemency scheme granting unfettered discretion to elected officials—with personal stakes in shaping the electorate—over Plaintiffs' First and Fourteenth Amendment rights passes constitutional muster, this Court must accept that holding. Until that day, if it ever comes, this Court **DENIES** Defendants' request for a stay. This Court also **DENIES** Defendants' alternative request to toll the remedial 30-day period pending their appeals.

Defendants remain bound by the timeframe set out in its Order Directing Entry of Judgment. ECF No. 160. Defendants shall promulgate executive clemency rules that pass constitutional muster on or before April 26, 2018. Even so, this Court issues this Order on Defendants' stay motion on an expedited basis, the same day it was received, so Defendants can seek a stay

from the Eleventh Circuit sooner rather than later.

**SO ORDERED on April 4, 2018.**

**s/Mark E. Walker**
**United States District Judge**